# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **JOSUE NICUDEMOS VALENZUELA ULLOA,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**WARDEN OF LIMESTONE COUNTY DETENTION CENTER AND TODD LYONS-ACTING DIRECTOR OF ICE,**<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 6:26-CV-00484-LS** |

**ORDER DENYING MOTIONS FOR RELEASE AND TO PREVENT TRANSFER**

Petitioner Josue Nicudemos Valenzuela Ulloa filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed an emergency motion for immediate release[2] and to prevent his transfer while his habeas petition is pending.[3] For the following reasons, the Court denies Petitioner's motions.

## I. LEGAL STANDARD.

The elements required to grant a motion for injunctive relief are:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[4]

[1] ECF No. 1.
[2] ECF No. 3.
[3] ECF No. 4.
[4] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

When the government is the opposing party, the third and fourth elements merge.[5] The district court has discretion as to whether to grant or deny injunctive relief.[6]

## II. ANALYSIS.

"The purpose of a preliminary injunction [or temporary restraining order] is not to give the plaintiff the ultimate relief it seeks."[7] Instead, it "is to preserve the *status quo* and prevent irreparable injury until the court renders a decision the merits."[8] Petitioner requests that he be released.[9] But the ultimate relief he seeks is also release from custody.[10] The Court can only preserve the *status quo*, not provide Petitioner with the ultimate relief requested.

With respect to Petitioner's request not to be transferred,[11] the Court notes that transfer would not impair the Court's jurisdiction over Petitioner's habeas petition. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[12] Therefore, the Court will not grant this request either.

## III. CONCLUSION

For this reason, Petitioner's motion for immediate release [ECF No. 3] and motion to prevent transfer [ECF No. 4] are denied.

**SO ORDERED**.

---

[5] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[6] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[7] *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996).
[8] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. 2022).
[9] ECF No. 3 at 1–2.
[10] ECF No. 1 at 7.
[11] ECF No. 4 at 1–2.
[12] *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) ("Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change.").

**SIGNED** and **ENTERED** on July 29, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**